[Cite as *Sullivan v. Ikharo*, 2018-Ohio-238.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [Cheryl Brooks Sullivan], Treasurer,<br>Franklin County, Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | | No. 17AP-471 |
| | : | (C.P.C. No. 16CV-9876) |
| Musa Ikharo et al., | | |
| | : | (ACCELERATED CALENDAR) |
| Defendants-Appellants. | | |
| | : | |

D E C I S I O N

Rendered on January 23, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Martin O. Ginnan*, for appellee.

**On brief:** *Musa Ikharo*, pro se.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Musa Ikharo is appealing from the judgment granted against him as a result of taxes which were not paid on a parcel of property he has owned since 2000. Musa Ikharo has assigned two errors for our consideration:

> [I.] The Trial Court abused its discretion and exceeded its jurisdiction by granting Appellee a default judgment where it lacked personal jurisdiction over Appellant in this case.
>
> [II.] Appellant is prejudicially denied the right to due process and equal protection to the 5th and 14th amend. To U.S. CONST. where he was not "served the complaint in person" and he was obstructively deprived of Const. rights of liberty to be heard.

{¶ 2}   Ikharo alleges that he has been a resident of Columbus, Ohio for over 20 years but was improperly expelled from the United States.  He alleges that he was in Nigeria for over 6 years while attorneys fought the deportation order.  During his absence, the lawsuit to collect property taxes was filed.

{¶ 3}   Efforts were made to serve him at two pieces of property which he apparently owns.  The efforts were unsuccessful.  Ultimately, service by publication was completed, but not surprisingly, Ikharo did not know about the publication in a local newspaper.  Again, he was in Nigeria.

{¶ 4}   Ikharo did not file an answer after service by publication was completed.  As a result, default judgment was granted against him.

{¶ 5}   Service by publication is deemed to give a court jurisdiction over the person being sued, even though the defendant does not actually know of the lawsuit.  The Ohio Rules of Civil Protection are grounded in the Ohio Constitution.  Those rules bind us as a court.

{¶ 6}   Ikharo owned property in Ohio.  This provides a link such that due process of law is not violated when he is sued as a result of that ownership.  Governmental entities have an obligation to keep such properties from being a blight on the surrounding neighborhood.  Ikharo's property has been vacant for years and has not had the benefit of upkeep from Ikharo personally.

{¶ 7}   We cannot find it to be a violation of due process for a governmental entity to pursue efforts to address the problem of abandoned property.

{¶ 8}   The second assignment of error is overruled.

{¶ 9}   As indicated above, the trial court did, in fact, have services of process completed on Ikharo and, as a result, had jurisdiction over him.

{¶ 10} The first assignment of error is overruled.

{¶ 11} Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN, P.J., and DORRIAN, J., concurs.